# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAFAYETTE DIVISION

| | |
|---|---|
| JACOLBY NUNEZ | CIVIL ACTION NO. 10-0767 |
|     LA. DOC #550280 | |
| VS. | SECTION P |
| | JUDGE HAIK |
| WARDEN, JACKSON PARISH | |
| DETENTION CENTER | MAGISTRATE JUDGE HANNA |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Jacolby Nunez filed the instant petition for writ of *habeas corpus* (28 U.S.C. §2254) on April 27, 2010.[1] Petitioner in an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Jackson Parish Detention Center, Jonesboro, Louisiana. Petitioner attacks his 2009 conviction for armed robbery in the Fifteenth Judicial District Court, Vermilion Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.  For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

### Background

Petitioner pled guilty to a charge of armed robbery on February 9, 2009. On the same date

---

[1] Petitioner signed his petition on April 27, 2010. [Doc. 1, p. 15] He filed in the United States District Court for the Middle District of Louisiana and it was ultimately transferred to this Court. Petitioner is a prisoner proceeding *pro se* and therefore, he is entitled to the benefits of the "mailbox rule" announced in *Houston v. Lack*, 487 U.S. 266, 282, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988)(A prisoner's *pro se* pleading is"filed" the moment he present it to prison officials for mailing to the court. The date that petitioner signed the pleading is the earliest date that the pleading could be said to have been filed.) The "mailbox rule" has been adopted by the Louisiana Supreme Court, see *State of Louisiana ex rel. Egana v. State of Louisiana*, 00-2351 (La.9/22/00), 771 So.2d 638, and therefore, for the purposes of this report, and in the absence of evidence to the contrary, the date petitioner signed his pleadings will be considered the date of filing.

he was sentenced to serve fifteen years at hard labor. [Doc. 1, ¶1-7] He did not appeal his conviction or sentence. [*Id.*, ¶8-9] Nor did he seek post-conviction relief in the Louisiana courts. [*Id.*, ¶10] Instead, he filed the instant petition claiming actual innocence on April 27, 2010.[2]

### Law and Analysis

#### 1. Timeliness under § 2244(d)(1)(A)

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In re Smith,* 142 F.3d 832, 834, citing *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of an application for writ of *habeas corpus* by persons, such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[3]

However, the statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the

---

[2] Petitioner contends that he is unlawfully confined because, "The State told a lie and said I was the person that committed a robbery, when I did not commit no robbery [sic], and deprived me of my freedom without due process." [*Id.*, ¶12]

[3] Nothing of record suggests that the limitations period should be reckoned as provided by 28 U.S.C. §(d)(1)(B), (C), or (D) in that petitioner has not alleged the presence of state created impediments to filing, or a newly recognized Constitutional right, or the recent discovery of the facts his petition is premised upon.

proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998).  Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner did not appeal his conviction and sentence. For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by ... the <u>expiration of the time for seeking such review</u>" [28 U.S.C. § 2244(d)(1)(A)], when the delays for seeking direct review lapsed. Petitioner pled guilty and was sentenced on February 9, 2009. Under the provisions of La. C.Cr.P. art. 914, petitioner had a period of thirty days within which to file a Motion for Appeal[4] or, until March 11, 2009. Under 28 U.S.C. § 2244(d)(1) he had one year from that date, or until March 11, 2010 to file his federal *habeas* petition.

Petitioner cannot rely upon the tolling provisions of §2244(d)(2) because he did not file an Application for Post-Conviction Relief.   More than one year elapsed between March 11, 2009, the date his judgment of conviction and sentence became final and April 27, 2010, the date he filed the instant petition.  In other words, petitioner's *habeas*, is clearly time-barred under the provisions of 28 U.S.C. §2244(d)(1)(A).

***2. Equitable Tolling***

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by

---

[4] See La. C.Cr.P. art. 914(b)(1) which provides, "The motion for an appeal must be made no later than [t]hirty days after the rendition of the judgment or ruling from which the appeal is taken."

the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir.2006).   As recently noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Nothing of record supports equitable tolling of the statute of limitations in the instant case.

### 3. Actual Innocence

Petitioner claims that he is entitled to *habeas* relief because he is actually innocent of the crime. In support of this claim he offers only his self-serving and conclusory assertion that he did not commit the crime. Petitioner's claim of actual innocence is insufficient to warrant either statutory or equitable tolling of the AEDPA's limitation period.  The one-year limitations period established by 28 U.S.C. § 2244(d) contains no exemption for a petitioner claiming actual innocence of the crimes for which they have been convicted. *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002), *cert. denied*, 539 U.S. 918, 123 S.Ct. 2277, 156 L.Ed.2d 136 (2003). Further, a claim of actual innocence does not constitute a "rare and exceptional circumstance" so as to justify the application of equitable tolling to overcome the time bar of § 2244(d). *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000), *cert. denied*, 531 U.S. 1035, 121 S.Ct. 622, 148 L.Ed.2d 532 (2000).

Finally, to establish such "actual innocence," in this context,  petitioner must "support his

4

allegations with new, reliable evidence that was not presented at trial and must show that it was 'more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)). Petitioner has not established actual innocence because he has produced no new and reliable evidence sufficient to refute the validity of his February 2009 guilty plea.

*4. Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions**

accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

In Chambers, Lafayette, Louisiana June 1, 2010.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

6